UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MIMS RECYCLING OF RUSTON, LLC | * | MISCELLANEOUS ACTION |
| VERSUS | * | NO. 25-843 |
| ARCH INSURANCE COMPANY | * | SECTION "M" (2) |

**ORDER AND REASONS**

Pending before me is non-party movant Doggett Industrial Crane Group, LLC's Motion to Quash a Subpoena Duces Tecum. ECF No. 2. By Order dated May 19, 2025, this Court established a briefing schedule and ordered movant to advise whether it consented to transfer of this matter to the issuing district pursuant to Rule 45(f). ECF No. 8. Defendant filed an Opposition Memorandum, and movant filed a Reply Memorandum. ECF Nos. 6, 7. In addition, movant advised that it consents to transfer of this matter to the Western District of Louisiana-Monroe Division. ECF No. 10.

No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary. Having considered the record, the submissions and arguments of counsel, and the applicable law, movant's motion to quash is TRANSFERRED to the issuing district for the reasons stated herein.

**I.   BACKGROUND**

Plaintiff Mims Recycling of Ruston, LLC ("Mims") rented a RTC 8050, Series II Rough Terrain Boom Crane, Serial Number J6K9-6093 (the "Crane") from non-party movant Doggett Industrial Crane Group, LLC ("Doggett") on September 26, 2022, and obtained insurance coverage for the use and operation of the Crane from Defendant Arch Insurance Company. ECF No. 2-2 at 1-2. After the Crane's boom failed and the manufacturer determined it was irreparable,

1

movant Doggett invoked arbitration against Mims regarding who was responsible for the repair costs and downtime. *Id.* at 1-2. Arch denied coverage, after which Mims filed suit in the matter "Mims Recycling of Ruston, LLC v. Arch Insurance Company," currently pending as Civil Action No. 24-1434 in the United States District Court for the Western District of Louisiana-Monroe Division. *Id.* at 2.

The Doggett v. Mims arbitration has evidently concluded. In the Western District insurance coverage action, Defendant Arch issued a non-party subpoena duces tecum to non-party movant Doggett seeking:

(1) any rental or lease documents with Mims during 2022 as well as any documents or communications relating to Link-Belt RTC 8050 Rough Terrain Boom Crane bearing Serial No. J9K9-6093 ("the Crane");
(2) instruction and training materials in its possession or provided to Mims regarding the Crane including documents relating to weight limits, load capacity, lifting guidelines, warnings, restrictions or operation of the Crane;
(3) maintenance and inspection records relating to the Crane;
(4) incident reports and investigations relating to the Crane;
(5) expert reports relating to the Crane's boom failure on October 11, 2022; and
(6) any pleadings, discovery or other documents exchanged during the Mims/Doggett arbitration proceeding.

ECF No. 2-1 at 9-11. Doggett initially filed a Motion to Quash in the issuing district, but that motion was denied without prejudice in accordance with Fed. R. Civ. P. 45(d). ECF Nos. 14, 16 in WDLA Civ. No. 24-1434.

Doggett then filed this Motion to Quash as a Miscellaneous Action in this court as the designated place of compliance. Doggett argues, among other things,[1] that Arch has requested, and can obtain, the same documents from Plaintiff Mims, and it should do so before burdening a non-party with a duplicative discovery request. ECF No. 2-2 at 5. Arch's Opposition indicates

---

[1] Doggett also argues that the subpoena seeks privileged or confidential information, violates Doggett's privacy interest and is submitted for an improper purpose. ECF No. 2-2 at 5. It further asserts that the maintenance and inspection records, incident reports, and expert reports constitute work product, the requests are not proportional to the needs of the case, and the arbitration documents are confidential. *Id.* at 7-10.

that it has sought the same documents from Mims, and it granted Doggett a two-week extension to allow for Mims to respond, but Mims has failed to respond. ECF No. 6 at 6, 18.

## II.  APPLICABLE LAW AND ANALYSIS

Discovery may be obtained from non-parties pursuant to Rule 45 of the Federal Rules of Civil Procedure.  A party may command a non-party to produce "documents, electronically stored information, or tangible things" in the non-party's possession, custody, or control.  FED. R. CIV. P. 45(a)(1)(A)(iii).  The party issuing a subpoena to a non-party "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."  *Id.* at 45(d)(1).  On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (1) fails to allow a reasonable time to comply; (2) requires a person to comply beyond the geographical limits specified in Rule 45(c); (3) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (4) subjects a person to undue burden.  *Id.* at 45(d)(3)(A)(i)-(iv).

A non-party may suspend the obligation to comply with a subpoena by timely delivering written objections or filing a motion to quash in the district where compliance is required.  *Id.* at 45(d)(2)(B), (d)(3).  When, however, the court where compliance is required did not issue the subpoena, it may transfer a Rule 45 motion to the issuing court when (a) the person subject to the subpoena consents or (b) the court finds exceptional circumstances.  *Id.* at 45(f).  Both bases for transfer under Rule 45(f) are triggered here.  Doggett has expressly consented to the transfer of its Motion to Quash to the Western District of Louisiana, Monroe Division.  ECF No. 10.  That alone justifies transfer under Rule 45(f).  In addition, however, the overlapping, duplicative nature of Arch's discovery requests to Plaintiff Mims and non-party Doggett counsel in favor of transfer to

the issuing jurisdiction to ensure uniformity and avoidance of conflicting decisions regarding the same evidence.[2]

Because the Court is simply transferring this motion to another federal court, this decision is a non-dispositive ruling that falls within the undersigned's jurisdiction.[3] Further, the Fifth Circuit has recognized that a magistrate judge is authorized to transfer a case to another district.[4]

### III. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Doggett Industrial Crane Group, LLC's Motion to Quash a Subpoena Duces Tecum is TRANSFERRED to the Western District of Louisiana-Monroe Division for resolution as part of the underlying litigation entitled "Mims Recycling of Ruston, LLC v. Arch Insurance Company," pending as Civil Action No. 24-1434 in the United States District Court for the Western District of Louisiana-Monroe Division. Upon transfer, the Clerk of Court shall close this miscellaneous action.

New Orleans, Louisiana, this  27th  day of May, 2025.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[2] *See* FED. R. CIV. P. 45(f) 2013 advisory committee's note to 2013 amendment (providing examples of exceptional circumstances justifying transfer, such as when the issuing court has already ruled on an issue or when the same discovery issue is likely to arise in other districts); *Hoog v. PetroQuest, LLC*, 338 F.R.D. 515, 517-18 (S.D. Fla. 2021).
[3] *In re Info. Tech. Mgmt. Servs. Inc.*, No. 24-152, 2025 WL 27156, at *5 n.7 (D.D.C. Jan. 3, 2025) (citing *PharmaCare U.S., Inc. v. Season 4, LLC*, No. 24-4074, 2024 WL 2301407, at *2 (D.N.J. May 21, 2024) ("Courts are in agreement that Rule 45(f) motions to transfer fall within the ambit of non-dispositive matters properly determined by a magistrate judge.") (cleaned up) (collecting cases)); *Edwards v. Maxwell*, Misc. No. 15-7433, 2016 WL 7413505, at *1 n.2 (S.D. Fla. Dec. 22, 2016) (citing *Elliott v. Mission Tr. Servs., LLC*, Misc. No. 14-942 2014 WL 6772474, at *2 (W.D. Tex. Dec. 1, 2014); *San Juan Cable LLC v. DISH Network LLC*, Misc. No. 14-261, 2015 WL 500631, at *2 (D. Colo. Jan. 23, 2015)).
[4] *See Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1999).